Law Office Of
# Kafahni Nkrumah, L.L.P.
116 West 111th Street

Telephone: (717) 971-8771       New York, New York 10026       Fax: (347) 271-3610

November 14, 2010

BY HAND AND E-MAIL

Officer Jaime Turton
United States Probation Department
Eastern District of New York
75 Clinton Street
Brooklyn, NY 11201

      Re:    United States v. Natale Terzo, 09 CR 672/NGG

Dear Officer Turton:

      After reviewing the presentence report (PSR) with Mr. Natale Terzo, I make the following objections, corrections or comments on his behalf:

A.    Offense Conduct

1.    On page ten (¶29) Mr. Terzo objects to the probation department recommendation of a two level enhancement pursuant to USSG § 2A2.2(b)(1). The probation department bases this recommendation on the fact that the instant offense involved the use of knives and the use of two cars to box in the car that the persons assaulted were driving.

      The Second Circuit in United States v. Coriaty, 300 F.3d 244, 254 (2nd Cir. 2002) stated that the commentary to U.S.S.G. § 1B1.1 states that, "more than minimal planning" includes "more planning than is typical for commission of the offense in a simple form" and "significant affirmative steps ... to conceal the offense.". In United States v. Rosa, 17 F.3d 1531, 1552 (2nd Cir. 1994), the Court held the application of the more-than-minimal-planning enhancement is appropriate "... whenever an offense involves 'more planning than is typical for commission of the offense in a simple form [or] significant affirmative steps were taken to conceal the offense.'"

      The Second Circuit in United States v. Cropper, 42 F.3d 755, 758 (2nd Cir. 1994) set forth the definition of more-than-minimal-planning when it held "... More than minimal planning requires that the defendant: (1) engaged in more planning than the offense would require in its simple form; or (2) took significant steps to conceal the crime, excluding conduct

that constitutes obstruction of justice." Id. The Court in Cropper went on to further state that this enhancement is usually applied to sophisticated crimes or offenses requiring repeated acts over a period of time. See also United States v. Learner, 2001 WL 1168345 (2nd Cir. Sept. 25, 2001) ("An upward departure for 'more than minimal planning' can be found in situations in which the same offense conduct was done repeatedly over time "unless it is clear that each instance was purely opportune."); United States v. Tapia, 59 F. 3d 1137, 1144 (11th Cir. 1995) quoting Cropper (...this enhancement is usually applied to sophisticated crimes of offenses requiring repeated acts over a period of time.)

It is quite clear from the narrative provided by the Probation Department that the offense in which Mr. Terzo is accused of aiding in was a spontaneous act by all of the individuals involved and more than minimal planning was not employed in the commission of this offense.

2.      On page fifteen (¶¶ 48, 53) if this Court grants defendants objection, Mr. Terzo's Base offense level and his Adjusted Offense Level would be 16.

3.      On page sixteen (¶ 55) based on defendant's objection no. 1, Mr. Terzo's Total Offense Level would be 14.

4.      On page 23 (¶ 93) based on defendant's objection, his advisory guideline range based on a total offense level of 14 and a criminal history of I, the imprisonment range should be 15 – 21 months.

B.      Conclusion

Mr. Natale Terzo respectfully request that the PSR be corrected as indicated above.


Sincerely,


__/s/ Kafahni Nkrumah_____ ,

KAFAHNI NKRUMAH, Esq.

Counsel for Natale Terzo