

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EAG:SEF

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

December 2, 2010

By ECF and Hand

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   United States v. Natale Terzo
           Criminal Docket No. 09-672 (S-2) (NGG)

Dear Judge Garaufis:

      The government respectfully submits this letter regarding the defendant Natale Terzo's sentencing, which is scheduled for December 3, 2010.  On August 23, 2010, the defendant, an associate of the Bonanno crime family of La Cosa Nostra (the "Bonanno family"), pled guilty to one count of making false declarations, in violation of 18 U.S.C. § 1623(a).

      The Probation Department has determined that the defendant's adjusted offense level is 16 and his Criminal History Category is I, resulting in an advisory Sentencing Guidelines range of 21 to 27 months.  (PSR ¶ 93).  The government believes that the defendant should also receive a one-point "global" adjustment pursuant to U.S.S.G. § 5K2.0 and paragraphs 2 and 7 of the plea agreement.  Accordingly, the government believes that the appropriate adjusted offense level is 15, which carries a Sentencing Guidelines range of 18 to 24 months.  Notably, the defendant stipulated to this Guidelines calculation as part of his plea agreement and agreed not to advocate for a sentence below 18 months' incarceration.  See Plea Agreement ¶ 2.[1]  For

---

[1]    The government opposes the defendant's request that he be placed in a Community Corrections Center to the extent that it is inconsistent with his agreement not to seek a sentence of less than 18 months.  (See Def. Mem. at 7).  The advisory Guidelines range to which the defendant stipulated falls within Zone D of

the following reasons, the government respectfully submits that a sentence within the Guidelines range determined by the Court is warranted.

The defendant's characterization of himself as a hardworking business owner whose criminal activity was "out-of-character for him and an isolated incident" (Def. Mem. at 2) overlooks the fact that the defendant was an associate of the Bonanno family who was on record with Paul Spina, an acting captain in the Bonanno family, and before that with John Palazzolo, a soldier in the Bonanno family who was arrested in January 2004 and subsequently pled guilty to conspiring to commit murder in aid of racketeering and was sentenced to 120 months in prison. In addition, the business the defendant ran, the Napa & Sonoma restaurant in Queens, New York, was a regular gathering spot for members and associates of the Bonanno family and other organized crime families. Indeed, although the defendant was charged here only with making false declarations, as the Court is aware, the conspiracy to commit assault in aid of racketeering to which the defendant's son, Frank Terzo, and several other co-defendants have pled guilty arose out of a mob dispute involving Napa & Sonoma.

As set forth in the Pre-Sentence Investigation Report, the defendant was a key player in the events leading up to that brutal assault. He sought Spina's assistance in resolving a dispute involving a debt his son, Nicholas Morena, owed to the John Doe #5 identified in the above-captioned superseding information, and at a minimum, was present when Spina ordered John Doe #5 to compensate the defendant for the damage to Napa & Sonoma's windows incurred after the defendant refused to pay that debt on Morena's behalf. The defendant was also involved in the telephone conversations in which Frank Terzo thereafter relayed John Doe #5's whereabouts to Spina and the other mob enforcers who then assaulted and stabbed the John Doe #6 and John Doe #7 identified in the underlying indictment, sending both men to the hospital with life-threatening injuries. Moreover, as the Court is also aware, Terzo's acting captain and co-defendant in this case, Paul Spina, pled guilty in January 2008 to conspiring to commit the murder in aid of racketeering of Joseph Bonelli, an associate in the Genovese crime family, a conspiracy that stemmed from the dispute over the broken windows at the Napa & Sonoma

---

the Sentencing Table. Application Note 8 to Section 5C1.1(f) of the Sentencing Guidelines provides that "where the applicable guideline range is in Zone D . . . the minimum term must be satisfied by a sentence of imprisonment without the use of any of the imprisonment substitutes," such as community confinement.

2

restaurant. Spina and was subsequently sentenced to 106 months in prison. In sum, the defendant's characterization of his conduct as an aberration is belied by the evidence.

      Regardless, the defendant's false declarations, which arose in the context of his efforts to obstruct a federal investigation into the assault of John Doe #6 and John Doe #7 and other crimes of violence committed by members and associates of Bonanno family, constitute a serious crime, warranting a sentence within the Guidelines range. The defendant repeatedly lied in response to a series of questions posed to him before a Grand Jury in this district. Those lies were calculated and deliberate, designed to shield the defendant's criminal associates from law enforcement scrutiny, and thereby to promote the interests of the Bonanno family itself.

      Accordingly, the government respectfully submits that a sentence below the advisory Guidelines range of 18 to 24 months would be insufficient to promote respect for the law and provide adequate deterrence to this defendant, as well as other members and associates of organized crime who may be called in the future to testify before Grand Juries in this and other districts.

      Respectfully submitted,

      LORETTA E. LYNCH
      United States Attorney

By: /s/ Stephen E. Frank
    Stephen E. Frank
    Nicole Argentieri
    Gina Parlovecchio
    Assistant U.S. Attorneys

cc: Kafahni Nkrumah, Esq. (By ECF)